**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 8, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

_____

LAWRENCE JAMIR TAYLOR,

Petitioner - Appellant,

v.

TERRY MARTIN, Warden,

Respondent - Appellee.

No. 14-5030

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 13-CV-00363-TCK-FHM)**

_____

Submitted on the briefs:[*]

M. Michael Arnett of Arnett Law Firm, Oklahoma City, Oklahoma, for Petitioner - Appellant.

Joshua L. Lockett of Office of the Attorney General for the State of Oklahoma, Oklahoma City, Oklahoma, for Respondent - Appellee (did not file a brief in this proceeding pursuant to 10th Cir. R.22.1(B).)

_____

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G).  The cause therefore is ordered submitted without oral argument.

**KELLY**, Circuit Judge.

Petitioner–Appellant Lawrence Jamir Taylor seeks a certificate of appealability (COA) to appeal the district court's dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254. Taylor v. Martin, No. 13-cv-363-TCK-FHM, 2014 WL 357083 (N.D. Okla Jan. 31, 2014). We deny his request and dismiss his appeal.

Background

On May 19, 2009, an Oklahoma jury found Mr. Taylor guilty of first degree murder and shooting with intent to kill. App. 6; Taylor, 2014 WL 357083, at *1. He was sentenced to consecutive life terms of imprisonment. Taylor, 2014 WL 357083, at *1. On February 16, 2011, the Oklahoma Court of Criminal Appeals (OCCA) affirmed his convictions and sentences. Taylor v. State, 248 P.3d 362, 380 (Okla. Crim. App. 2011). He did not seek a writ of certiorari from the United States Supreme Court. Taylor, 2014 WL 357083, at *3.

On September 16, 2011, Mr. Taylor filed an application for post-conviction relief in state district court. Id. at *4. The focus of his claim was that a government witness, Jason Cheatham, lied at trial when he testified that Mr. Taylor had confessed that he shot the two victims. Id. To back up this claim, Mr. Taylor offered an affidavit executed by Mr. Cheatham, in which Mr. Cheatham

recanted his testimony that Mr. Taylor had confessed to him. Id. On December 29, 2011, the state district court denied post-conviction relief. Id. Mr. Taylor appealed to the OCCA, alleging that procedural inadequacies and evidentiary rulings in the post-conviction proceedings violated his constitutional rights. Id. The OCCA affirmed the denial of post-conviction relief. Id.

On June 19, 2013, Mr. Taylor filed a petition under 28 U.S.C. § 2254 in federal district court. Id. The government responded with a motion to dismiss Mr. Taylor's petition as time barred. Id. The district court agreed and dismissed Mr. Taylor's petition with prejudice and denied a certificate of appealability. Id. at *9. Mr. Taylor appealed to this court.

## Discussion

A COA requires that an applicant make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court denied a § 2254 petition on procedural grounds, the petitioner must demonstrate that it is reasonably debatable whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the district court's procedural ruling in correct. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Without both showings, no appeal is warranted.

The Antiterrorism and Effective Death Penalty Act imposes a one-year limitation period on petitions filed under 28 U.S.C. § 2254. 28 U.S.C. §

2244(d)(1). Relevant here, the limitation period runs from the later of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1)(A), (D). The district court found that Mr. Taylor's petition was time barred under either of these provisions. Taylor, 2014 WL 357083, at *5. First, it found that under § 2244(d)(1)(A), Mr. Taylor's convictions became final on May 17, 2011, after the OCCA concluded its direct review and after the 90-day period for petitioning the United States Supreme Court for a writ of certiorari had lapsed. Id. Given statutory tolling for his post-conviction proceedings—which lasted from September 16, 2011, to August 3, 2012—Mr. Taylor had until April 5, 2013, to file his petition; he filed it on June 19, 2013, more than two months too late. Id. at *6.

Second, the court found that Mr. Taylor did not benefit from a later accrual date under § 2244(d)(1)(D). Id. at *5. The "factual predicate" underlying his claim—that Mr. Cheatham perjured himself at trial—was discovered, or could have been discovered, on May 6, 2009, the day Mr. Cheatham testified. Id. That is, Mr. Taylor knew or should have known that Mr. Cheatham's testimony was false when he heard Mr. Cheatham testify to something Mr. Taylor knew to be untrue. See id. The fact that Mr. Taylor first obtained an affidavit from Mr.

- 4 -

Cheatham to this effect in August 2011 did not change this conclusion.  Id.

On appeal, Mr. Taylor, through his attorney, only challenges the second of these holdings.  Aplt. Br. 7.  Mr. Taylor argues that Mr. Cheatham's affidavit was "newly discovered evidence," and, "even though he knew that Mr. Cheatham lied at trial," he needed an affidavit saying that to avail himself of post-conviction relief.  Id. at 10.  He also invokes Mr. Cheatham's "Fifth Amendment right to remain silent," id. at 8, and "the state rules of evidence," id. at 10.

Our unpublished case, Craft v. Jones, 435 F. App'x 789 (10th Cir. 2011) (unpublished),[1] is persuasive.  There, the petitioner sought to avail himself of § 2244(d)(1)(D) because he had "new evidence in the form of an affidavit."  Id. at 791.  The affiant claimed that he was present during the stabbing for which the petitioner was convicted, and that the petitioner had committed the stabbing in self-defense.  Id.  This court held that the "date on which the factual predicate of the claim . . . could have been discovered" was the date of the stabbing, not the date of the affidavit.  Id. (quoting 28 U.S.C. § 2244(d)(1)(D)).  If the affiant was present at the stabbing, as he claimed, then the petitioner would have been aware that the affiant was a witness to the event long before the affidavit.  Id.

The same is true here.  The "factual predicate" of Mr. Taylor's claim is that Mr. Cheatham lied when he testified on May 6, 2009, not that he swore out an

---

[1] This unpublished opinion is cited for its persuasive value only.  10th Cir. R. 32.1(A).

affidavit to that effect in August 2011.  This fact was apparent much sooner than May 17, 2011—the date on which Mr. Taylor's convictions became final.  Mr. Taylor's assertion that "he was dependant [sic] on Chatham's [sic] decision to waive his Fifth Amendment Rights and prepare an affidavit," Aplt. Br. 8, is without support.  See United States v. Wong, 431 U.S. 174, 178 (1977) ("[T]he Fifth Amendment privilege does not condone perjury."); Bellis v. United States, 417 U.S. 85, 90 (1974) ("[T]he Fifth Amendment privilege is a purely personal one.").  Mr. Taylor's assertion that "[w]ith no affidavit, no cause would have been available under the state law," Aplt. Br. 9, is unavailing absent a demonstration of what state law requires.  The same goes for his assertion that he "could not have complied with the state rules of evidence without" an affidavit, id. at 10; Mr. Taylor leaves us guessing as to how the evidence rules barred him from pursuing his claim absent sworn testimony from Mr. Cheatham.

We are persuaded that reasonable jurists would not debate whether Mr. Taylor's § 2254 petition was time barred.  He has not made a substantial showing that the district court erred by finding that "the date on which the factual predicate of the claim . . . could have been discovered" was earlier than May 17, 2011, "the date on which the judgment became final."  28 U.S.C. § 2244(d)(1)(A), (D).  We need not reach the district court's alternative holding concerning the availability of a federal right to state post-conviction review.  See Taylor, 2014 WL 357083, at *8.

- 6 -

We DENY a COA and DISMISS this appeal.